■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE A. CURTHOYS, Appellant. [909 NYS2d 824]—

Cardona, P.J. Appeal from an order of the County Court of Schoharie County (Bartlett, III, J.), entered August 3, 2009, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.

In 2004, defendant pleaded guilty to three counts of possessing a sexual performance by a child and was sentenced to an aggregate prison term of 3⅓ to 10 years. Prior to his release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C). Based upon evidence that defendant had sexual contact with his nine-year-old granddaughter, the Board assessed 55 points, resulting in a presumptive classification as a risk level one sex offender. However, the Board recommended an upward departure to risk level two upon the basis of other evidence of defendant's apparent inappropriate preoccupation with adolescent girls.

At the subsequent risk assessment hearing, defendant's counsel noted that defendant denied having sexual contact with his granddaughter but chose not to litigate that issue. Instead, defendant's testimony focused on his deteriorating physical condition, which he argued was a significant mitigating circumstance. Following the hearing, County Court issued a decision and order rejecting defendant's argument, accepting the Board's recommendation and designating defendant a risk level two sex offender.

Defendant appeals, contending that the Board's recommendation for an upward departure hinged on acts that cannot be considered aggravating factors because they are adequately covered by the risk assessment assignment. We do not agree. The Board specified in its case summary that its modification recommendation was based upon evidence indicating that defendant downloaded photographs of nude children, took nude photographs of his nine-year-old granddaughter, asked her to model thong underwear that he had purchased for his older granddaughter, and chatted with teenage girls on line. This conduct is not adequately covered by the risk assessment guidelines. Moreover, defendant did not dispute any of these findings at the hearing. Given that the uncontested contents of a case summary can satisfy the People's burden of demonstrating by clear and convincing evidence the existence of aggravating factors warranting a departure from the presumptive risk level (*see People v Wasley,* 73 AD3d 1400, 1401 [2010]; *People v Joslyn,* 27 AD3d 1033, 1033-1034 [2006]), we find no merit in defendant's contention that County Court abused its discretion in classifying him as a risk level two sex offender.

We are also unpersuaded by defendant's claim that his age and deteriorating health are mitigating factors warranting a downward modification of his risk assessment level. As the Board noted in its case summary, defendant was of an advanced age and in poor health at the time of his conviction, circumstances which did not prevent him from committing the crimes of which he was convicted—possessing pornographic pictures of children on his computer. Although he now claims that his mobility is limited due to, among other conditions, chronic obstructive pulmonary disease and cardiomyopathy, we note that good mobility is not required in order to download illicit photographs from the Internet; consequently, defendant's physical conditions do not "minimize [his] risk of re-offense" (Correction Law § 168-*l* [5] [d]).

Lahtinen, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.