■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN O'CONNELL, Appellant. [944 NYS2d 354]—

Garry, J. Appeal from an order of the County Court of Columbia County (Czajka, J.), entered December 1, 2010, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.

In 2009, defendant pleaded guilty to rape in the third degree and endangering the welfare of a child, stemming from him having sexual intercourse with a 15-year-old girl. Prior to his release from prison, the Board of Examiners of Sex Offenders presumptively classified defendant as a risk level one sex offender (65 points) in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C). At the risk assessment hearing that followed, the People, among other things, recommended an upward departure to a risk level two classification. County Court agreed and designated defendant a risk level two sex offender. Defendant appeals.

We affirm. "An upward departure from a presumptive risk classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence" (*People v Stewart*, 77 AD3d 1029, 1030 [2010] [citations omitted]; *accord People v Burch*, 90 AD3d 1429, 1430 [2011]). Here, the record contains evidence that defendant involved his 11-year-old daughter in his unlawful relationship with the victim. Shortly after physical contact between defendant and the victim apparently ended, defendant wrote a love letter to the victim and a letter to the victim's 16-year-old sister inquiring as to why he could no longer call her or the victim on the telephone and asking why her mother had gone to the police station. Defendant had his daughter deliver the letters to the girls at school and instructed them

to give any reply to his daughter. We agree with County Court's determination that the risk assessment instrument did not adequately take into consideration the nature of defendant's conduct here, and the lack of insight or responsibility thus revealed. The court's determination that an upward departure from a risk level one classification to a risk level two classification is thus supported by clear and convincing evidence and will not be disturbed (*see People v Curthoys*, 77 AD3d 1215, 1216 [2010]; *People v McElhearn*, 56 AD3d 978, 979 [2008], *lv denied* 13 NY3d 706 [2009]).

Mercure, J.P., Rose, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.