■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERVIN LUCIUS, Appellant. [996 NYS2d 659]—

Appeal by the defendant from an order of the Supreme Court, Kings County (DiMango, J.), dated August 7, 2012, which, after a hearing, designated him a level two sexually violent offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In establishing a defendant's risk level pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]), the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (*see* Correction Law § 168-n [3]; *see also* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter SORA Guidelines]; *People v Finizio,* 100 AD3d 977, 977 [2012]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay" (*People v Crandall,* 90 AD3d 628, 629 [2011]).

Contrary to the defendant's contention, the People established, by clear and convincing evidence, that he engaged in a continuing course of sexual misconduct with the seven-year-old victim. The evidence established that the defendant committed two or more acts of sexual misconduct, at least one of which included sexual intercourse, over a period greater than 24 hours (*see* SORA Guidelines at 10; *People v Thompson,* 111 AD3d 613 [2013]; *People v Taylor,* 48 AD3d 775 [2008]). Accordingly, 20 points were properly assessed against the defendant under risk factor four, based on a continuing course of sexual misconduct.

The Supreme Court providently exercised its discretion in

denying the defendant's request for a downward departure from his presumptive risk level designation, as the record does not reflect the existence of a mitigating factor warranting a downward departure. Under the circumstances of this case, the defendant's age did not warrant a downward departure from his presumptive risk level (*see People v Grubbs*, 107 AD3d 771, 773 [2013]; *People v Harris*, 93 AD3d 704, 705 [2012]).

The defendant's remaining contention, relating to the points assessed under risk factor two, is unpreserved for appellate review, and, in any event, without merit.

Accordingly, the defendant was properly designated a level two sexually violent offender. Mastro, J.P., Hall, Roman and Maltese, JJ., concur.