■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS TORRES, Appellant. [998 NYS2d 464]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Sullivan, J.), dated January 7, 2013, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The People bear the burden of establishing, by clear and convincing evidence, the facts supporting the assessment of points under the Guidelines issued by the Board of Examiners of Sex Offenders under New York's Sex Offender Registration Act (hereinafter SORA Guidelines; *see* Correction Law § 168 *et seq.*; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; *People v Green*, 112 AD3d 801, 801 [2013]; *People v Harris*, 100 AD3d 727, 727 [2012]; *People v Thompson*, 95 AD3d 977, 977 [2012]). In order to meet their burden with respect to the assessment of points under risk factor 11 (Drug or Alcohol Abuse), "the People must show by clear and convincing evidence that the offender used alcohol in excess either at the time of the crime or repeatedly in the past" (*People v Palmer*, 20 NY3d 373, 378 [2013]; *see People v Zavala*, 114 AD3d 653, 654 [2014]). Here, contrary to the defendant's contention, the hearing court properly assessed 15 points under risk factor 11. The People submitted evidence that the defendant himself attributed his commission of the crimes against the two victims to his drinking before each incident (*see People v Filkins*, 107 AD3d 1069, 1070 [2013]).

In seeking a departure from the presumptive risk level, a defendant must first identify a mitigating circumstance or circumstances "of a kind or to a degree not adequately taken into account by the guidelines" (*People v Gillotti*, 23 NY3d 841, 861 [2014], citing SORA Guidelines at 4). The defendant then has the burden of proving by a preponderance of the evidence the existence of those circumstances in his or her case (*see People v Gillotti*, 23 NY3d at 861, 864). If the defendant makes that twofold showing, the court must determine whether the presumptive risk level overassesses the danger presented by the defendant and the risk of reoffense and, thus, whether a downward departure is warranted (*id.* at 861).

Most of the circumstances on which the defendant bases his contentions regarding a downward departure are adequately taken into account under the Guidelines, including his lack of a criminal history before the crimes he committed against the victims in this case, his excellent disciplinary record while

incarcerated, and his remorse and acceptance of responsibility. Moreover, although response to treatment may qualify as a ground for a downward departure where the response is exceptional (*see People v Jackson*, 114 AD3d 739, 739-740 [2014]; *People v Washington*, 84 AD3d 910, 910-911 [2011]), the defendant failed to prove by a preponderance of the evidence that his response to treatment was exceptional (*see People v Coleman*, 122 AD3d 599 [2014]; *People v Tisman*, 116 AD3d 1018, 1018 [2014]; *People v Pendleton*, 112 AD3d 600, 601 [2013]). Finally, the Supreme Court did not improvidently exercise its discretion by declining to depart from the presumptive risk level on the basis of the defendant's health and age (*see People v Lucius*, 122 AD3d 819 [2014]; *People v Cabrera*, 91 AD3d 479, 480 [2012]; *People v Curthoys*, 77 AD3d 1215, 1217 [2010]; *People v Mothersell*, 26 AD3d 620, 621 [2006]), or on the basis of the combination of all of the factors that the defendant adequately proved (*see People v Grubbs*, 107 AD3d 771, 773 [2013]).

Accordingly, the defendant was properly designated a level three sex offender. Balkin, J.P., Dickerson, Sgroi and Cohen, JJ., concur.