■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BYRON SHELTON, Appellant. [6 NYS3d 121]—

Appeal by the defendant from an order of the Supreme Court, Queens County (Buchter, J.), dated September 15, 2014, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

At a hearing pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.* [hereinafter SORA]), the defendant was assessed 80 points under the Risk Assessment Instrument. That score was near the bottom of the range for a presumptive level two designation. The defendant contends, however, that the Supreme Court should have downwardly departed from the presumptive risk level to designate him a level one sex offender. Although the defendant makes several arguments in support of this contention, the most significant is his citation of studies showing that a sex offender's risk of recidivism drops significantly with increased age, and he was 60 years old at the time of the SORA hearing.

In seeking a departure from the presumptive risk level, a defendant must first identify a mitigating circumstance or circumstances "of a kind or to a degree not adequately taken into account by the guidelines" (*People v Gillotti*, 23 NY3d 841, 861

[2014], citing Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; *see People v Torres*, 124 AD3d 744 [2015]). The defendant then has the burden of proving by a preponderance of the evidence the existence of those circumstances in his or her case (*see People v Gillotti*, 23 NY3d at 861, 864; *People v Torres*, 124 AD3d at 745). If the defendant makes that two-fold showing, the court must determine whether the presumptive risk level overassesses the danger presented by the defendant and the risk of reoffense and, thus, whether a downward departure is warranted (*see People v Gillotti*, 23 NY3d at 861).

Under the circumstances of this case, a downward departure on the basis of the defendant's age was not warranted. The Supreme Court did not improvidently exercise its discretion in concluding that the presumptive risk level did not overassess the danger presented by the defendant and the risk of reoffense (*see People v Torres*, 124 AD3d at 745-746; *People v Lucius*, 122 AD3d 819 [2014]; *People v McFarland*, 120 AD3d 1121, 1122 [2014]; *People v Harris*, 93 AD3d 704, 706 [2012]; *People v Beyah*, 76 AD3d 917, 917 [2010]). Moreover, none of the other factors put forward by the defendant, either singly, in combination with each other, or in combination with the defendant's age, showed that the presumptive risk level overassessed the risk and danger of reoffense (*see People v Torres*, 124 AD3d at 746). The defendant's remaining contentions are without merit. Accordingly, the Supreme Court did not improvidently exercise its discretion in declining to downwardly depart from the presumptive risk level. Balkin, J.P., Hall, Miller and Duffy, JJ., concur.