■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENDON BROWN, Appellant. [24 NYS3d 388]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Brennan, J.), dated January 15, 2015, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (*People v Wyatt*, 89 AD3d 112, 128 [2011]; *see People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Rosales*, 133 AD3d 733 [2015]). If the defendant makes that two-fold showing, the court must exercise its discretion by weighing the mitigating factors to determine whether the totality of the circumstances warrants a downward departure (*see People v Gillotti*, 23 NY3d at 861).

Here, the Supreme Court denied the defendant's request for a downward departure, stating that it saw no "compelling reason" to grant a downward departure. To the extent that the Supreme Court did not make a finding based upon the applicable preponderance of the evidence standard, the record is sufficient for this Court to make its own findings of fact and conclusions of law (*see People v Bowden*, 88 AD3d 972, 973 [2011]). On the record presented, the factors identified by the defendant were either adequately taken into account by the SORA Guidelines (*see People v Reede*, 113 AD3d 663, 664 [2014]), or did not warrant departure from the presumptive risk level (*see People v Shelton*, 126 AD3d 959, 960 [2015]; *People v Torres*, 124 AD3d 744, 745-746 [2015]; *People v Lucius*, 122 AD3d 819, 820 [2014]). Accordingly, the Supreme Court properly designated the defendant a level two sex offender. Rivera, J.P., Hall, Roman and Sgroi, JJ., concur.