◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN SANCHEZ, Appellant. [26 NYS3d 320]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Mondo, J.), dated March 15, 2012, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In establishing a defendant's risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]), the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (*see* Correction Law § 168-n [3]; *People v Pettigrew*, 14 NY3d 406, 408 [2010]; *People v Mingo*, 12 NY3d 563, 571 [2009]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay" (*People v Crandall*, 90 AD3d 628, 629 [2011]; *see People v Mingo*, 12 NY3d at 571-573).

Contrary to the defendant's contention, the People established, by clear and convincing evidence, that he engaged in a continuing course of sexual misconduct with the victim. The evidence established that the defendant committed two or more acts of sexual contact with the victim, at least one of which

was an enumerated offense, over a period greater than 24 hours (*see* Sex Offender Registration Act: Risk Guidelines and Commentary [hereinafter SORA Guidelines] at 10 [2006]; *People v Lucius*, 122 AD3d 819 [2014]; *People v Thompson*, 111 AD3d 613 [2013]). Accordingly, 20 points were properly assessed against the defendant under risk factor 4, based on a continuing course of sexual misconduct.

Contrary to the defendant's contention, the Supreme Court properly denied his request for a downward departure from his presumptive risk level designation, as the defendant failed to identify and establish the existence of a mitigating factor which was not adequately taken into account by the SORA Guidelines (*see People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Lucius*, 122 AD3d at 819-820; *see generally People v Wyatt*, 89 AD3d 112 [2011]). Balkin, J.P., Roman, Cohen and Maltese, JJ., concur.