■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERWOOD ROBINSON, Appellant. [41 NYS3d 908]—Appeal by the defendant from an order of the Supreme Court, Kings County (D'Emic, J.), dated March 25, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

A court determining a defendant's risk level under the Sex Offender Registration Act (*see* Correction Law art 6-C; hereinafter SORA) is not permitted to downwardly depart from the presumptive risk level unless the defendant first identifies and proves the presence of "a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines" (*People v Jordan*, 142 AD3d 596, 596 [2016] [internal quotation marks omitted]; *see People v Lathan*, 129 AD3d 686, 687 [2015]; SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter the Guidelines]). Here, nearly all of the mitigating circumstances identified by the defendant were adequately taken into account by the Guidelines: his educational and vocational progress while incarcerated, his completion of the sex offender program, his expression of remorse and acceptance of responsibility, and his post-release environment (*see People v Grabowski*, 142 AD3d 697 [2016]; *People v Torres*, 124 AD3d 744, 745-746 [2015]; *People v Erving*, 124 AD3d 447 [2015]; *People v Riverso*, 96 AD3d 1533, 1534 [2012]; *People v Roe*, 47 AD3d 1156 [2008]).

The remaining circumstances cited by the defendant do not warrant a downward departure. The Supreme Court providently exercised its discretion in declining to depart from the presumptive risk level based on those circumstances, and thus, properly designated him a level three sex offender (*see People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Grabowski*, 142 AD3d at 698; *People v Torres*, 124 AD3d at 745-746). Balkin, J.P., Dickerson, Hinds-Radix and Brathwaite Nelson, JJ., concur.