People v Tromba (2018 NY Slip Op 00449)





People v Tromba


2018 NY Slip Op 00449


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
L. PRISCILLA HALL
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-02503

[*1]People of State of New York, respondent,
v
John Tromba, appellant.


Paul Skip Laisure, New York, NY (Lauren E. Jones of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Aleena R. Peerzada on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael A. Gary, J.), dated February 22, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
At a hearing pursuant to the Sex Offender Registration Act (see Correction Law § 168 et seq.; hereinafter SORA), the defendant was assessed 80 points under the Risk Assessment Instrument, placing him near the bottom of the range for a presumptive level two designation. The defendant contends that the Supreme Court improvidently exercised its discretion in denying his request for a downward departure from the presumptive risk level.
A court determining a defendant's risk level under SORA may not downwardly depart from the presumptive risk level unless the defendant first identifies, and then proves by a preponderance of the evidence the facts in support of, "a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines" (People v Lathan, 129 AD3d 686, 686-687 [internal quotation marks omitted]; see People v Warren, 152 AD3d 551, 551; SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). Once a defendant seeking a downward departure identifies and proves the mitigating factor by a preponderance of the evidence,
the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the danger presented by the defendant and the risk the defendant will reoffend (see People v Gillotti, 23 NY3d 841, 861; People v Champagne, 140 AD3d 719, 720).
Under the circumstances of this case, a downward departure on the basis of the defendant's age was not warranted (see People v Shelton, 126 AD3d 959, 960; People v Torres, 124 AD3d 744, 746; People v Lucius, 122 AD3d 819, 819-820). Moreover, none of the other factors put forward by the defendant, either singly, in combination with each other, or in combination with the defendant's age, showed that the presumptive risk level overassessed the danger presented by the defendant and the risk of reoffense (see People v Shelton, 126 AD3d at 960; People v Torres, 124 AD3d at 746; People v Cabrera, 91 AD3d 479, 480). Accordingly, the Supreme Court providently [*2]exercised its discretion in declining to downwardly depart from the presumptive risk level.
CHAMBERS, J.P., HALL, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court