People v Jordan (2018 NY Slip Op 03713)





People v Jordan


2018 NY Slip Op 03713


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
JEFFREY A. COHEN, JJ.


2014-08650
 (Ind. No. 2237/12)

[*1]People of State of New York, respondent,
v
Terrance Jordan, appellant.


Seymour W. James, Jr., New York, NY (Anita Aboagye-Agyeman of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Joyce Adolfsen of counsel; Gregory Musso on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Ann Donnelly, J.), dated September 9, 2014, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed.
The defendant was designated a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.; hereinafter SORA). On appeal, the defendant contends that the Supreme Court erred in denying his application for a downward departure from his presumptive risk level.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter the Guidelines]). Here, the mitigating circumstances identified by the defendant either were adequately taken into account by the Guidelines (see People v Robinson, 145 AD3d 805, 806; People v Torres, 124 AD3d 744, 745-746), or did not warrant a downward departure from the presumptive risk level (see People v Watson, 95 AD3d 978, 979).
Accordingly, we agree with the Supreme Court's determination denying the defendant's request for a downward departure and designating him a level two sex offender.
MASTRO, J.P., ROMAN, SGROI and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court