People v Ramirez (2018 NY Slip Op 05504)





People v Ramirez


2018 NY Slip Op 05504


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-01026

[*1]People of State of New York, respondent,
v
Nelson Ramirez, appellant.


Jillian S. Harrington, Staten Island, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Laurie K. Gibbons and Amanda Manning of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Robert A. McDonald, J.), dated December 22, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, although the Supreme Court erroneously applied a "clear and convincing" standard to the defendant's application for a downward departure, the record is sufficient for this Court to make its own findings of fact and conclusions of law (see People v Brown, 136 AD3d 698, 699; People v Watson, 95 AD3d 978, 979; People v Bowden, 88 AD3d 972, 973). A defendant's response to treatment may qualify as a ground for a downward departure where the response is exceptional (see People v Washington, 84 AD3d 910, 911). On the record presented, the defendant failed to establish, by a preponderance of the evidence, that his response to treatment was exceptional (see People v Velasquez, 145 AD3d 924, 924; People v Wallace, 144 AD3d 775, 776).
The defendant was not denied the effective assistance of counsel (see People v Butler, 157 AD3d 727; People v Eaton, 105 AD3d 722, 724; People v Bowles, 89 AD3d 171, 179; see also Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708, 713-714; People v Baldi, 54 NY2d 137, 147).
Accordingly, the defendant was properly designated a level two sex offender.
RIVERA, J.P., DILLON, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court