People v Bethel (2018 NY Slip Op 06579)





People v Bethel


2018 NY Slip Op 06579


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-06979

[*1]People of State of New York, respondent,
v
Derrick Bethel, appellant.


The Legal Aid Society, New York, NY (Bonnie C. Brennan of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Masha Simonova on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Deborah A. Dowling, J.), dated May 17, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of attempted criminal sexual act in the first degree. After a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 105 points on the risk assessment instrument, which placed him within the range for a presumptive designation as a level two sex offender. The court denied the defendant's application for a downward departure from the presumptive risk level. On appeal, the defendant challenges the assessment of 15 points under risk factor 9 (number and nature of prior crimes). In addition, the defendant contends that the court erred in denying his application for a downward departure.
The defendant's contention that the Supreme Court improperly assessed 15 points under risk factor 9 is unpreserved for appellate review, since he did not object to the assessment of these points at the SORA hearing (see People v Velez, 100 AD3d 847, 847-848; People v Teagle, 64 AD3d 549, 550). We decline to reach that contention in the interest of justice (see People v Game, 131 AD3d 460).
We agree with the Supreme Court's determination to deny the defendant's application for a downward departure from the presumptive risk level. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). Most of the mitigating circumstances identified by the defendant in support of his application for a downward departure were adequately taken into account by the Guidelines (see People v Rocano-Quintuna, 149 AD3d 1114, 1115; People v Robinson, 145 AD3d 805, 806). Although a defendant's response to treatment may qualify as a [*2]ground for a downward departure where the response is exceptional (see People v Lagville, 136 AD3d 1005, 1006; People v Washington, 84 AD3d 910, 911), here, the defendant failed to establish by a preponderance of the evidence that his response to treatment was exceptional (see People v Santiago, 137 AD3d 762, 764; People v Torres, 124 AD3d 744, 746).
Accordingly, the defendant was properly designated a level two sex offender.
MASTRO, J.P., ROMAN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court