People v Alvin (2018 NY Slip Op 08160)





People v Alvin


2018 NY Slip Op 08160


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-11915

[*1]People of State of New York, respondent,
v
Arnold Alvin, appellant.


The Legal Aid Society, New York, NY (Michael C. Taglieri of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Eva A. Oginar of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated October 18, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon a plea of guilty, of attempted sexual abuse in the first degree. After a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), at which the defendant sought a downward departure from his presumptive level three risk designation, the Supreme Court designated the defendant a level three sex offender.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Although a defendant's response to treatment may qualify as a ground for a downward departure where the response is exceptional (see People v Bethel, ____ AD3d ____, 2018 NY Slip Op 06579 [2d Dept 2018]; People v Washington, 84 AD3d 910, 911), here, the defendant failed to establish by a preponderance of the evidence that his response to treatment was exceptional (see People v Bethel, ____ AD3d ____, 2018 NY Slip Op 06579; People v Watson, 95 AD3d 978, 979; cf. People v Goldman, 150 AD3d 905, 906).
The defendant's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to deny the defendant's application for a downward departure from his presumptive level three risk designation.
BALKIN, J.P., SGROI, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court