People v Santos (2019 NY Slip Op 05575)





People v Santos


2019 NY Slip Op 05575


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-12919
 (Ind. No. 5873/12)

[*1]People of State of New York, respondent,
v
Juan Santos, appellant.


Paul Skip Laisure, New York, NY (Michael Arthus of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated September 20, 2017. The order, after a hearing, designated the defendant a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of course of sexual conduct against a child in the second degree. After a hearing pursuant to the Sex Offender Registration Act (hereinafter SORA), at which the defendant sought a downward departure from his presumptive level two sex offender designation, the Supreme Court assessed the defendant 90 points, denied his application for a downward departure, and designated him a level two sex offender. The defendant appeals.
In establishing a sex offender's appropriate risk level assessment pursuant to SORA (see Correction Law art 6-C), the People bear "the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n[3]; see People v Wyatt, 89 AD3d 112, 117-118). As the People correctly concede, they failed to establish by clear and convincing evidence that the defendant had a history of alcohol abuse. However, after deducting the 15 points assessed for a history of alcohol abuse from his score of 90 points, the defendant is still presumptively a level two sex offender.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d at 128; see SORA: Risk Assessment Guidelines and Commentary at 4 [2006]; People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d [*2]719, 720).
Here, the defendant did not demonstrate grounds for a downward departure from his presumptive risk level. The record indicates that his response to sex offender treatment was not exceptional, as the defendant "still needs work to develop a realistic relapse treatment plan." Thus he did not establish an exceptional treatment response that would warrant a downward departure from the presumptive risk assessment (see People v Eisenberg, 170 AD3d 1208; People v Whitney, 168 AD3d 776; People v Santiago, 137 AD3d 762, 764; People v Dyson, 130 AD3d 600, 600-601; People v Watson, 95 AD3d 978, 979).
Further, the evidence of the defendant's enrollment in educational and vocational programs while in prison was taken into account by the SORA Guidelines, since he was not assessed additional points for conduct while confined (see People v Sawyer, 169 AD3d 840; People v Rocano-Quintuna, 149 AD3d 1114, 1115; People v Robinson, 145 AD3d 805, 806). The defendant's score on the Static-99R risk assessment instrument does not, by itself, constitute a mitigating factor justifying a downward departure from the presumptive risk level (see People v Palomeque, 170 AD3d 1055; People v Curry, 158 AD3d 52, 54).
The defendant's remaining contentions are without merit.
DILLON, J.P., CHAMBERS, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court