People v Adams (2019 NY Slip Op 05802)





People v Adams


2019 NY Slip Op 05802


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2017-13357

[*1]People of State of New York, respondent,
v
Bruce Adams, appellant.


Paul Skip Laisure, New York, NY (Tammy E. Linn of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated September 14, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 1988, the defendant was convicted, by two separate judgments after two separate jury trials, of multiple counts of rape in the first degree, rape in the second degree, criminal sexual act in the first degree, criminal sexual act in the second degree, sexual abuse in the first degree, sexual abuse in the second degree, robbery in the second degree, and endangering the welfare of a child, for acts committed against three female victims in three separate incidents in 1985 and 1987. Prior to his release from imprisonment, the Board of Examiners of Sex Offenders assessed the defendant a total of 130 points, making him a presumptive level three sex offender. At the hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court denied the defendant's request for a downward departure from the presumptive risk level and adjudicated the defendant a level three sex offender. The defendant appeals.
Where, as here, a defendant seeks a downward departure from the presumptive risk level, the defendant has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see SORA: Risk Assessment Guidelines and Commentary [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861-864; People v Rocano-Quintuna, 149 AD3d 1114, 1114-1115; People v Shelton, 126 AD3d 959, 959-960). If this twofold showing is made, the court then "must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d at 861; see People v Rocano-Quintuna, 149 AD3d at 1115; People v Shelton, 126 AD3d at 960).
Here, the defendant failed to prove the facts supporting his request for a downward [*2]departure by a preponderance of the evidence. Contrary to the defendant's contention, an offender's young age of 20 or younger at the time the first sex offense is committed is taken into account by the Guidelines and deemed to be an aggravating factor rather than a mitigating factor (see Guidelines at 13). Moreover, the defendant failed to demonstrate that his age of 20 years old at the time of his first sex offense in 1985 constituted a mitigating factor, particularly in light of the two sex offenses he subsequently committed in 1987. While advanced age at the time of release may constitute a mitigating factor, the defendant failed to demonstrate that his age at the time of the SORA hearing, 52 years old, constituted an appropriate mitigating factor and minimized his risk of reoffense (see People v Tromba, 157 AD3d 915, 916; People v Munoz, 155 AD3d 1068, 1069; People v DeJesus, 127 AD3d 1047, 1047; People v Shelton, 126 AD3d at 959-960; People v Harris, 93 AD3d 704, 706). The defendant's educational and vocational achievements, as well as the support of his family, were adequately taken into account by the Guidelines (see People v MacCoy, 155 AD3d 897, 898; People v Rocano-Quintuna, 149 AD3d at 1115; People v Robinson, 145 AD3d 805, 806).
Accordingly, we agree with the Supreme Court's determination denying the defendant's request for a downward departure from his designation as a level three sex offender.
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court