People v Mitchell (2019 NY Slip Op 08879)





People v Mitchell


2019 NY Slip Op 08879


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2017-10339
 (Index No. 6059/10)

[*1]People of State of New York, respondent, 
v
Thomas Mitchell, appellant.


Paul Skip Laisure, New York, NY (Joshua M. Levine of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ruth E. Ross of counsel; Anna Arena on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Suzanne Mondo, J.), entered May 3, 2017. The order, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
At a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the defendant was assessed 95 points under the risk assessment instrument, presumptively placing him within the range for a level two designation. The defendant contends that the Supreme Court improvidently exercised its discretion in denying his request for a downward departure from the presumptive risk level.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, a downward departure on the basis of the defendant's age was not warranted (see People v Tromba, 157 AD3d 915, 916; People v Shelton, 126 AD3d 959, 960; People v Torres, 124 AD3d 744, 746; People v Lucius, 122 AD3d 819, 819-820). Among other things, the study relied upon by the defendant failed to demonstrate by a preponderance of the evidence that his age, 51 years old at the time of his SORA hearing, constituted a basis for a downward departure (see People v Whitney, 168 AD3d 776, 777).
Moreover, none of the factors put forward by the defendant, either singly, in combination with each other, or in combination with the defendant's age, showed that the presumptive risk level overassessed the danger presented by the defendant and the risk of reoffense (see People v Tromba, 157 AD3d at 916; People v Shelton, 126 AD3d at 960; see also People v Haye, 162 AD3d 801, 801; People v Curry, 158 AD3d 52, 58-59; People v Rodriguez, 145 AD3d 489, 490).
Accordingly, the Supreme Court did not improvidently exercise its discretion in declining to downwardly depart from the presumptive risk level.
BALKIN, J.P., CHAMBERS, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court