People v Rubino (2019 NY Slip Op 09309)





People v Rubino


2019 NY Slip Op 09309


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2018-12455

[*1]People of State of New York, respondent,
v
Robert Rubino, appellant. Paul Skip Laisure, New York, NY (Nao Terai of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Andrew Ayala of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated August 22, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 75 points, within the range of a presumptive designation as a level two sex offender. At a hearing, the court denied the defendant's request for a downward departure from his presumptive risk level, and adjudicated him a level two sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to prove by a preponderance of the evidence that a downward departure was warranted. In particular, although the defendant provided evidence that he had successfully completed certain treatment programs during his incarceration, he failed to establish by a preponderance of the evidence that his response to treatment was exceptional (see People v Bigelow, 175 AD3d 1443, 1444; People v Figueroa, 138 AD3d 708, 709; People v Torres, 124 AD3d 744, 745-746). In addition, although debilitating illness may constitute a basis for a downward departure, we agree with the Supreme Court's determination that the defendant's purported health conditions did not result in the overassessment of his risk to public safety (see People v Wallason, 169 AD3d 728, 729; People v Benoit, 145 AD3d 687, 688; People v Torres, 124 [*2]AD3d at 746). Moreover, although the defendant cited family support as a mitigating factor, he failed to demonstrate how having support from his family established a lower likelihood of reoffense or danger to the community (see People v Boutin, 172 AD3d 1253, 1255; People v Saintilus, 169 AD3d 838, 839).
Accordingly, we agree with the Supreme Court's determination denying the defendant's request for a downward departure from his presumptive risk level and designating him a level two sex offender.
BALKIN, J.P., CHAMBERS, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court