People v Anthony (2022 NY Slip Op 02027)





People v Anthony


2022 NY Slip Op 02027


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
WILLIAM G. FORD, JJ.


2020-06386

[*1]The People of the State of New York, respondent, 
v
Herman Anthony, appellant. Janet E. Sabel, New York, NY (Nancy E. Little of counsel), for appellant.


Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Christopher Blira-Koessler, and Felicia Thomas of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Peter F. Vallone, Jr., J.), dated July 8, 2020. The order, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
At a hearing to designate the defendant's risk level pursuant to the Sex Offender Registration Act (Correction Law art. 6-C; hereinafter SORA), the defendant sought a downward departure from his presumptive level three risk designation. The Supreme Court declined to downwardly depart, and instead designated the defendant a level three sex offender. The defendant appeals.
"An offender seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is not otherwise taken into account by [SORA] Guidelines, and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Curry, 158 AD3d 52, 58; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Bigelow, 175 AD3d 1443).
Here, while the defendant proved the existence of some mitigating factors not adequately taken into account by the Guidelines, the Supreme Court did not improvidently exercise its discretion in denying the defendant's request for a downward departure from his presumptive designation as a level three sex offender. The totality of the circumstances, including the cumulative effect of the factors relied upon by the defendant, did not show that the presumptive risk level overassessed the defendant's risk and danger of reoffense (see People v Aller, 164 AD3d 1381, 1382; People v Tromba, 157 AD3d 915, 916; People v Shelton, 126 AD3d 959, 960).
Accordingly, the Supreme Court properly designated the defendant a level three sex [*2]offender.
IANNACCI, J.P., ROMAN, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court