■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO RODRIGUEZ, Appellant. [889 NYS2d 176]—

Appeal from order, Supreme Court, New York County (Eduardo Padro, J.), entered on or about October 9, 2007, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), unanimously dismissed, without costs.

Since defendant, having absconded from parole supervision, is not presently available to obey the mandate of the court, he has forfeited his right to appeal (*see e.g. People v Law*, 12 AD3d 192 [2004]). Although a SORA appeal is a civil appeal, this principle is similarly applicable (*see e.g. Wechsler v Wechsler*, 45 AD3d 470, 472 [2007]).

This appeal is without merit in any event. Defendant advances

---

the argument that his underlying guilty plea to two counts of rape in the first degree should be viewed as "incest rather than a conventional sex crime against a child." This view of the underlying crimes, defendant urges, would demonstrate that defendant is far less likely to "recidivate [sic]" because defendant has "run out of family victims."

This argument is wholly bereft of evidentiary support in the record, relies on purported evidence submitted for the first time on appeal, and is repugnant to common decency, the plain language of the statute, and precedent in this Department. Even if we were to accept defendant's contention that the recidivist rate for incest child molesters is somewhat lower than that for other presumably more common child molesters, we would nonetheless decline to consider a discretionary downward departure. Concur—Sweeny, J.P., Buckley, Catterson, Acosta and Freedman, JJ.