■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ROCANO-QUINTUNA, Appellant. [53 NYS3d 170]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Brennan, J.), dated May 18, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

A defendant seeking a downward departure from his presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is not otherwise adequately taken into account by the Sex Offender Registration Act (*see* Correction Law art 6-C; hereinafter SORA) Guidelines, and (2) establishing the facts in

support of its existence by a preponderance of the evidence (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006] [hereinafter Guidelines]; *People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Velasquez*, 145 AD3d 924 [2016]; *People v Kohout*, 145 AD3d 922 [2016]; *People v Wyatt*, 89 AD3d 112, 128 [2011]). Only if this twofold showing is made does the court have the "discretion to grant or deny the departure application based upon an examination of all circumstances relevant to the offender's risk of reoffense and danger to the community" (*People v Wyatt*, 89 AD3d at 128; *see People v Kohout*, 145 AD3d at 922; *People v Uphael*, 140 AD3d 1143, 1144 [2016]).

Here, most of the circumstances identified by the defendant in support of his application for a downward departure were adequately taken into account by the Guidelines: his lack of a criminal history before the crimes he committed against the victim, his unblemished prison disciplinary record, and his conduct while incarcerated, including completion of a sex offender treatment program and participation in educational and vocational courses (*see People v Robinson*, 145 AD3d 805 [2016]; *People v Alexander*, 144 AD3d 1008 [2016]; *People v Perez*, 138 AD3d 1081, 1082 [2016]; *People v Torres*, 124 AD3d 744, 745-746 [2015]; *People v Riverso*, 96 AD3d 1533, 1534 [2012]). Furthermore, although "advanced age" may constitute a basis for a downward departure (Guidelines at 5; *see People v Santiago*, 137 AD3d 762, 764-765 [2016]), the defendant, who committed some of the subject offenses when he was 45 years old, failed to demonstrate that his age at the time of the SORA determination, 49 years old, "resulted in the over-assessment of his risk to public safety" (*People v Wyatt*, 89 AD3d at 129) and, thus, did not meet his burden of proof in establishing that this mitigating circumstance actually existed in the case at hand (*People v Gillotti*, 23 NY3d at 861; *see People v Benoit*, 145 AD3d 687 [2016]).

Since the factors identified by the defendant were either adequately taken into account by the Guidelines, or were not proven by a preponderance of the evidence, the Supreme Court did not have the discretion to depart from his presumptive risk level (*see People v Santiago*, 137 AD3d at 765; *People v Wyatt*, 89 AD3d at 128). Eng, P.J., Hall, Roman and Hinds-Radix, JJ., concur.