■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENTE ALVAREZ, Appellant. [57 NYS3d 405]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Mangano, Jr., J.), dated November 25, 2013, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the Supreme Court properly assessed him 10 points under risk factor 12 for not accepting responsibility. The case summary states that during the defendant's interviews with the Probation Department and

the Department of Corrections and Community Supervision counselors, he denied his guilt. Therefore, the court properly concluded that the defendant had not genuinely accepted responsibility for his criminal conduct (*see People v Benitez*, 140 AD3d 1140, 1140-1141 [2016]). In any event, deducting the 10 points assessed under risk factor 12 from the total points assessed against the defendant would not alter his presumptive risk level (*see People v Noble*, 146 AD3d 824, 824 [2017]; *People v George*, 142 AD3d 1059, 1060-1061 [2016]).

"A downward departure from a sex offender's presumptive risk level generally is only warranted where there exists a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines" (*People v Watson*, 95 AD3d 978, 979 [2012]; *see People v Gillotti*, 23 NY3d 841, 861 [2014]). Although "advanced age" may constitute a basis for a downward departure (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]), the defendant, who was 47 years old at the time of the SORA determination, failed to establish the facts in support of that ground by a preponderance of the evidence (*see People v Rocano-Quintuna*, 149 AD3d 1114 [2017]; *People v Garcia*, 144 AD3d 650, 651 [2016]; *People v Santiago*, 137 AD3d 762, 765 [2016]). Further, the defendant failed to establish that his expected deportation was, "as a matter of law, an appropriate mitigating factor" (*People v Wyatt*, 89 AD3d 112, 128 [2011]; *see People v Rubi*, 132 AD3d 650, 650 [2015]; *People v Leshchenko*, 127 AD3d 833, 833 [2015]).

Accordingly, the Supreme Court properly denied the defendant's request for a downward departure and designated him a level three sex offender. Dillon, J.P., Austin, Roman and Cohen, JJ., concur.