■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MEADERS, Appellant. [62 NYS3d 198]—Appeal by the defendant from an order of the Supreme Court, Richmond County (Rienzi, J.), dated February 15, 2013, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court properly rejected the defendant's request for a downward departure from the presumptive risk level. "A court determining a defendant's risk level under the Sex Offender Registration Act (hereinafter SORA) may not downwardly depart from the presumptive risk level unless the defendant first identifies and proves by a preponderance of the evidence the facts in support of 'a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines'" (*People v Warren*, 152 AD3d 551, 551 [2017], quoting *People v Lathan*, 129 AD3d 686, 686-687 [2015]; *see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). The defendant's assertion that he should receive a departure because incest offenders pose a lower risk of reoffense is without merit (*see People v Ogata*, 124 AD3d 416 [2015]; *People v Rodriguez*, 67 AD3d 596 [2009]). While a defendant's response to treatment may qualify as a ground for a downward departure where the response is exceptional (*see People v Velasquez*, 145 AD3d 924, 924 [2016]; *People v Washington*, 84 AD3d 910, 910-911 [2011]), here, the defendant failed to establish by a preponderance of the evidence that his response to treatment was exceptional. The other factors identified by the defendant were either adequately taken into account by the SORA Guidelines, or did not warrant departure from the presumptive risk level.

Accordingly, the Supreme Court properly denied the defendant's request for a downward departure and designated him a level two sex offender. Leventhal, J.P., Barros, Brathwaite Nelson and Christopher, JJ., concur.