People v Rodriguez (2018 NY Slip Op 01627)





People v Rodriguez


2018 NY Slip Op 01627


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2016-13042

[*1]People of State of New York, respondent, 
v
Joseph Rodriguez, appellant.


Seymour W. James, Jr., New York, NY (Michael C. Taglieri of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Joyce Adolfsen, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated November 23, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
"A court determining a defendant's risk level under the Sex Offender Registration Act (hereinafter SORA) may not downwardly depart from the presumptive risk level unless the defendant first identifies and proves by a preponderance of the evidence the facts in support of a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines'" (People v Warren, 152 AD3d 551, 551, quoting People v Lathan, 129 AD3d 686, 687; see People v Gillotti, 23 NY3d 841, 861; People v Wyatt, 89 AD3d 112, 128; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). Only if this showing is made does the SORA court have the "discretion to grant or deny the departure application based upon an examination of all circumstances relevant to the offender's risk of reoffense and danger to the community" (People v Wyatt, 89 AD3d at 128; see People v Rocano-Quintuna, 149 AD3d 1114, 1115; People v Kohout, 145 AD3d 922).
Although "advanced age" may constitute a basis for a downward departure (Guidelines at 5; see People v Alvarez, 153 AD3d 645; People v Santiago, 137 AD3d 762, 764-765), the defendant, who committed the subject offense when he was 58 years old, failed to demonstrate that his age at the time of the SORA determination, 61 years old, "resulted in the over-assessment of his risk to public safety" (People v Wyatt, 89 AD3d at 129) and, thus, did not meet his burden of proof in establishing that this "mitigating circumstance actually exist[ed] in the case at hand" (People v Gillotti, 23 NY3d at 861; see People v Alvarez, 153 AD3d at 645; People v Rocano-Quintuna, 149 AD3d at 1114; People v Benoit, 145 AD3d 687). Furthermore, while a defendant's response to treatment may qualify as a ground for a downward departure where the response is exceptional (see People v Washington, 84 AD3d 910, 911), here, the defendant failed to establish by a preponderance of the evidence that his response to treatment was exceptional (see People v Velasquez, 145 AD3d 924, 924; People v Wallace, 144 AD3d 775, 776; People v Figueroa, 138 AD3d 708, 709).
Since the factors identified by the defendant were either adequately taken into account by the Guidelines, or were not proven by a preponderance of the evidence, the Supreme Court properly denied the defendant's request for a downward departure from his presumptive risk level (see People v Rocano-Quintuna, 149 AD3d at 1114; People v Santiago, 137 AD3d at 765; People v Wyatt, 89 AD3d at 128).
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court