People v Palomeque (2019 NY Slip Op 02132)





People v Palomeque


2019 NY Slip Op 02132


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2017-10333

[*1]People of State of New York, respondent,
v
Manuel Palomeque, appellant.


Paul Skip Laisure, New York, NY (Jenin Younes of counsel; Jed Tifft on the brief), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Avery Heisler on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Joanne D. Quinones, J.), dated June 26, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
"A defendant seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Garner, 163 AD3d 1009, 1009 [internal quotation marks and citations omitted]; see People v Gillotti, 23 NY3d 841, 861; People v Wyatt, 89 AD3d 112, 128; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [hereinafter Guidelines] at 4 [2006]). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Garner, 163 AD3d at 1009; see People v Gillotti, 23 NY3d at 861).
Contrary to the defendant's contention, the fact that the defendant scores as being a low risk to reoffend on an assessment instrument other than the risk assessment instrument used by the board of examiners of sex offenders is not a circumstance which, standing alone, may be considered a mitigating factor (see People v Curry, 158 AD3d 52, 54). The defendant's contention that he should receive a departure because incest offenders pose a lower risk of reoffense is without merit (see People v Meaders, 154 AD3d 978, 978; People v Ogata, 124 AD3d 416; People v Rodriguez, 67 AD3d 596).
While a defendant's response to treatment may qualify as a ground for a downward departure where the response is exceptional (see People v Velasquez, 145 AD3d 924, 924), here, the defendant failed to establish by a preponderance of the evidence that his response to treatment was exceptional (see People v Meaders, 154 AD3d at 978; People v Velasquez, 145 AD3d at 924; People v Washington, 84 AD3d 910, 910-911).
The defendant contends that his age of 53 is a mitigating factor warranting a downward departure. Although "advanced age" may constitute a basis for a downward departure (Guidelines at 5; see People v Rodriguez, 159 AD3d 842, 842; People v Alvarez, 153 AD3d 645), the defendant, who committed the subject offense when he was in his 40s, failed to demonstrate that his age at the time of the SORA determination, 53 years old, resulted in an overassessment of his risk to public safety and, thus, did not meet his burden of proof in establishing that this mitigating circumstance actually existed in the case at hand (see People v Rodriguez, 159 AD3d at 843; People v Alvarez, 153 AD3d at 645).
Accordingly, we agree with the Supreme Court's denial of the defendant's request for a downward departure.
BALKIN, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court