People v Blinker (2019 NY Slip Op 02129)





People v Blinker


2019 NY Slip Op 02129


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2018-06441

[*1]People of State of New York, respondent,
v
Edward Blinker, appellant.


Paul Skip Laisure, New York, NY (Angad Singh of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Joyce Adolfsen, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano Jr., J.), dated February 28, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
"A defendant seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Garner,163 AD3d 1009, 1009 [internal quotation marks and citations omitted]; see People v Gillotti, 23 NY3d at 861; People v Wyatt, 89 AD3d 112, 128; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [hereinafter Guidelines] at 4 [2006]). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Garner, 163 AD3d at 1009; see People v Gillotti, 23 NY3d at 861).
Contrary to the defendant's contention, he failed to sustain his burden of proof in support of his application for a downward departure. Most of the circumstances cited by the defendant in support of his application were adequately taken into account under the Guidelines, including his relationship to the victim (see Guidelines at 12) and his satisfactory conduct while incarcerated (see Guidelines at 16-17). Accordingly, to the extent that the defendant relied upon these factors in support of his application for a downward departure, he failed to demonstrate that they constituted mitigating circumstances "of a kind or to a degree not adequately taken into account by the [G]uidelines" (People v Gillotti, 23 NY3d at 861; see People v Santiago, 137 AD3d 762, 764). The defendant also cited family support as a mitigating circumstance; however, he provided no documentary or testimonial evidence of such alleged family support to the Supreme Court. Furthermore, the defendant failed to demonstrate how having support from his family established a lower likelihood of reoffense or danger to the community. Thus, he failed to establish that this was an appropriate mitigating factor which was otherwise not adequately taken into account by the Guidelines (see People v Kohout, 145 AD3d 922). In any event, with respect to all of these [*2]circumstances, the defendant failed to demonstrate by a preponderance of the evidence that these circumstances "resulted in the over-assessment of his risk to public safety" (People v Wyatt, 89 AD3d at 129).
The defendant's assertion that he should receive a departure because incest offenders pose a lower risk of reoffense is without merit (see People v Meaders, 154 AD3d 978; People v Ogata, 124 AD3d 416; People v Rodriguez, 67 AD3d 596). The other factors identified by the defendant were either adequately taken into account by the Guidelines, or did not warrant a departure from the presumptive risk level.
Accordingly, we agree with the Supreme Court's determination denying the defendant's application for a downward departure and designating him a level two sex offender.
MASTRO, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court