People v Green (2019 NY Slip Op 05705)





People v Green


2019 NY Slip Op 05705


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-03529
 (Ind. No. 11158/96)

[*1]People of State of New York, respondent,
v
Roy Green, appellant.


Justine M. Luongo, New York, NY (Michael C. Taglieri of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.
Roy Green, Woodbourne, NY, appellant pro se.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated March 8, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In November 1996, the defendant was convicted, upon his plea of guilty, inter alia, of sexual abuse in the first degree. Prior to the defendant's release from prison, the Board of Examiners of Sex Offenders (hereinafter the Board) completed a risk assessment instrument pursuant to the Sex Offender Registration Act (see Correction Law article 6-C; hereinafter SORA). The Board determined that the defendant was a presumptive level three sex offender. The defendant made an application for a downward departure from the presumptive risk level. After a hearing, the Supreme Court denied the defendant's application, and designated him a level three sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861).
Here, the defendant failed to demonstrate that he was entitled to a downward departure due to mitigating circumstances. The defendant's satisfactory conduct and educational [*2]accomplishments during his imprisonment were factors which had already been taken into account under the SORA Guidelines (see People v Sawyer, 169 AD3d 840, 841; People v Rocano-Quintuna, 149 AD3d 1114, 1115).
The defendant's remaining contention, raised in his pro se supplemental brief, is without merit.
Accordingly, we agree with the Supreme Court's determination denying the defendant's application for a downward departure from his presumptive risk level and designating him a level three sexoffender.
AUSTIN, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court