People v Reyes (2020 NY Slip Op 07611)





People v Reyes


2020 NY Slip Op 07611


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-08736

[*1]People of State of New York, respondent,
v
Martin Reyes, appellant. Janet E. Sabel, New York, NY (Rachel L. Pecker of counsel), for appellant.


Michael E. McMahon, District Attorney, Staten Island, NY (Anne Grady of counsel; Esmer Mujaj on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Mario F. Mattei, J.), dated June 15, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 110 points, within the range for a presumptive designation as a level three sex offender. The court denied the defendant's request for a downward departure from his presumptive risk level and designated him a level three sex offender. The defendant challenges the denial of his request for a downward departure.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
An offender's response to treatment, if exceptional, can form the basis for a downward departure (see Guidelines at 17; People v Palomeque, 170 AD3d 1055, 1056). Although the defendant submitted evidence that he participated in and completed a sex offenders treatment program, he failed to establish by a preponderance of the evidence that his response to treatment was exceptional (see People v Jimenez, 178 AD3d 1099, 1100-1101; People v Santos, 174 AD3d 658, 659; People v Palomeque, 170 AD3d at 1056; People v Guzman, 110 AD3d 863, 863-864).
We also agree with the Supreme Court that no downward departure was warranted based on the defendant's deportation subsequent to the SORA adjudication, as he failed to establish [*2]that his deportation was, "'as a matter of law, an appropriate mitigating factor'" (People v Morrison, 156 AD3d 831, 832, quoting People v Wyatt, 89 AD3d at 128; see People v Alvarez, 153 AD3d 645, 646; People v Charles, 152 AD3d 721, 721-722; People v Leshchenko, 127 AD3d 833).
The defendant's contention that a departure was warranted because intra-familial sex offenders pose a lower risk of reoffense is without merit (see People v Palomeque, 170 AD3d at 1055; People v Meaders, 154 AD3d 978; People v Ogata, 124 AD3d 416).
Accordingly, we agree with the Supreme Court's determination designating the defendant a level three sex offender.
MASTRO, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court