People v Hernandez (2022 NY Slip Op 03080)

People v Hernandez

2022 NY Slip Op 03080

Decided on May 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 10, 2022

Before: Webber, J.P., Singh, Moulton, Kennedy, Rodriguez, JJ. 

Ind No. 211/10 Appeal No. 15895 Case No. 2020-03305 

[*1]The People of the State of New York, Respondent,
v
Omar Hernandez, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Benjamin Rutkin-Becker of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Nathan Shi of counsel), for respondent.

Order, Supreme Court, New York County (Michael J. Obus, J.), entered on or about July 13, 2020, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). Defendant has not demonstrated that his response to sex offender treatment was exceptional, especially given his continued denials of having committed the underlying sex crimes and his assertions that any contact with the child was accidental (see e.g. People v Bonnemere, 201 AD3d 475 [1st Dept 2022]). Defendant's lack of clean prison disciplinary infractions while incarcerated, record, his rehabilitative efforts, and lack of a criminal history have been accounted for by the risk assessment instrument (see People v Gomez, 201 AD3d 601 [1st Dept 2022]; People v Roman, 198 AD3d 425 [1st Dept 2021]). Defendant has failed to show how his claimed support network and employment prospects would reduce his likelihood of reoffense or danger to the community (see id. at 426; People v Stuckey, 174 AD3d 454, 455 [1st Dept 2019]). Defendant's low Static-99R score is insufficient to justify a downward departure (see People v Roldan, 140 AD3d 411 [1st Dept 2016], lv denied 28 NY3d 904 [2016]). In any event, the alleged mitigating factors were outweighed by the seriousness of the underlying crimes, which were committed against a young child. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 10, 2022