People v Infantino (2023 NY Slip Op 01907)

People v Infantino

2023 NY Slip Op 01907

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-07498

[*1]People of State of New York, respondent,
v
Robert Infantino, appellant. 

Laurette D. Mulry, Riverhead, NY (Genevieve M. Cahill of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Kathleen Becker Langlan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelley, J.), dated March 3, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2010, the defendant was convicted, upon his pleas of guilty, of unlawful surveillance in the second degree (12 counts) and possessing a sexual performance by a child (64 counts) under Indictment No. 2292/08, and unlawful surveillance in the second degree (32 counts) under Indictment No. 3153/08.
In anticipation of the defendant's release from prison, the Supreme Court conducted a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). After the hearing, the court assessed the defendant 80 points, resulting in a presumptive level two designation, denied his application for a downward departure, and designated him a level two sex offender.
"In establishing a sex offender's appropriate risk level assessment under SORA, the People have 'the burden of proving the facts supporting the determinations sought by clear and convincing evidence'" (People v Rudd, 208 AD3d 696, 696, quoting Correction Law § 168-n[3]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see Guidelines at 5; see also People v Mingo, 12 NY3d 563).
On appeal, the defendant contends that the evidence was insufficient to establish that the assessment of 30 points under risk factor 5 for the age of the victim being 10 years or less was warranted on the ground that certain grand jury testimony was unreliable and vague. This contention is unpreserved for appellate review as the defendant did not raise this ground at the SORA hearing (see People v Gillotti, 23 NY3d 841, 854; People v Satornino, 200 AD3d 813; People v Butler, 157 AD3d 727, 730). In any event, the assessment of 30 points under risk factor 5 was supported by clear and convincing evidence, including the grand jury testimony of the mother of one victim and [*2]another victim's written statement (see People v Mingo, 12 NY3d at 573; People v Gorostiza, 210 AD3d 1118, 1119; People v Herbert, 186 AD3d 1732).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d at 861; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
While the Supreme Court erroneously applied a "clear and convincing" standard to the defendant's application for a downward departure, the record is sufficient for this Court to make its own findings of fact and conclusions of law (see People v Medina, 165 AD3d 1184, 1184-1185; People v Ramirez, 163 AD3d 1012). Although advanced age may constitute a basis for a downward departure, an offender must demonstrate that advanced age at the time of the SORA determination resulted in the overassessment of the offender's risk to public safety (see People v Adams, 174 AD3d 828, 829; People v Saintilus, 169 AD3d 838, 839). Here, the defendant, who committed the sex offenses when he was 50 years old, failed to demonstrate that his age at the time of the SORA determination, 62 years old, resulted in an overassessment of his risk to public safety (see People v Parisi, 212 AD3d 666; People v Ciccarello, 187 AD3d 1224, 1226; People v Saintilus, 169 AD3d at 839).
The defendant's contention that he was entitled to a downward departure based upon a lack of a prior criminal history is unpreserved for appellate review as he failed to raise this factor as a ground for a downward departure at the SORA hearing (see People v Disla, 186 AD3d 755, 756; People v Wilcox, 178 AD3d 1107, 1109). In any event, the defendant's lack of a prior criminal history was adequately taken into account by the Guidelines (see People v Bigelow, 175 AD3d 1443, 1444; People v Rocano-Quintana, 149 AD3d 1114, 1115). The other alleged mitigating factors identified by the defendant, including his positive disciplinary record while incarcerated, his completion of a sex offender treatment program, and the strict supervision that he will be under on parole, were adequately taken into account by the Guidelines (see People v Abdullah, 210 AD3d 704, 706; People v Rocano-Quintana, 149 AD3d at 1115).
Since the factors identified by the defendant were either adequately taken into account by the Guidelines, or were not proven by a preponderance of the evidence, the Supreme Court did not have the discretion to depart from his presumptive risk level (see People v Rocano-Quintana, 149 AD3d at 1115).
BARROS, J.P., MALTESE, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court