People v Perez (2024 NY Slip Op 01994)

People v Perez

2024 NY Slip Op 01994

Decided on April 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2024

Before: Manzanet-Daniels, J.P., Gesmer, Shulman, Higgitt, Rosado, JJ. 

Ind. No. 1105/10 Appeal No. 2033 Case No. 2021-02694 

[*1]The People of the State of New York, Respondent,
v
Edward Perez, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Sarah Chaudhry of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Larry Glasser of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about July 15, 2021, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in declining to grant a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). Defendant's completion of sex offender treatment and anticipated postrelease support network and employment were adequately taken into account by the risk assessment instrument (see People v Sadagheh, 214 AD3d 566 [1st Dept 2023], lv denied 40 NY3d 902 [2023]; People v Palmer, 166 AD3d 536, 537 [1st Dept 2018], lv denied 32 NY3d 919 [2019]). Further, defendant has not demonstrated that his claimed support network and employment prospects decreased his particular likelihood of reoffense (see People v Hernandez, 205 AD3d 485 [1st Dept 2022]). Defendant's relationship with the victim was also adequately accounted for by the risk assessment instrument (see People v Cook, 29 NY3d 121 [2017]), and we reject his contention that a downward departure is warranted because "intrafamilial sex offenders . . . have a significantly lower rate of sexual recidivism" (see People v Ogata, 124 AD3d 416 [1st Dept 2015], lv denied 25 NY3d 908 [2015]; People v Rodriguez, 67 AD3d 596, 597 [1st Dept 2009], lv denied 14 NY3d 706 [2010]). Further, any mitigating factors cited were outweighed by the egregiousness of the continuing offenses committed by defendant against a young child.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2024