| **Gabay v Adams** |
|:---:|
| 2024 NY Slip Op 32410(U) |
| July 12, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 156894/2022 |
| Judge: Denise M. Dominguez |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. DENISE M DOMINGUEZ**          PART          35M
                              *Justice*

-----------------------------------------------------------------------X

KYLE GABAY,

                             Petitioner,

                      - v -

ERIC ADAMS, ASHWIN VASAN, THE CITY OF NEW YORK

                           Respondents.

-----------------------------------------------------------------------X

|  |  |
|---|---|
| INDEX NO. | 156894/2022 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20, 21, 22

were read on this motion to/for          INJUNCTION/RESTRAINING ORDER          .

Upon the foregoing documents, the motion by order to show cause seeking injunctive relief is denied as moot and the Petition is dismissed.

The Petitioner commenced this proceeding by filing a Petition and motion by Order to Show Cause seeking a temporary restraining order against the Respondents from placing the Petitioner on leave without pay and from terminating the Petitioner's employment with the New York City Police Department, which was not named as a party in the proceeding.

This proceeding was initially assigned to Judge Arlene Bluth, who recused by Order dated August 25, 2022 based upon "judge shopping" as the RJI (NYSCEF Doc. 9), indicated that a prior action decided by Judge Bluth was related to the within proceeding when it was not. (NYSCEF Doc. 22). This proceeding was then to be reassigned.

By Order of the Commissioner of the New York City Department of Health and Mental Hygiene ("DOHMH"), Dave A. Chokshi, M.D., dated On October 20, 2021, all CITY OF NEW YORK ("CITY") employees were to show proof of at least one dose of a vaccination against the

**156894/2022  GABAY, KYLE vs. ADAMS, ERIC ET AL
Motion No. 001**

Page 1 of 4

1 of 4

COVID-19 virus by 5:00 p.m. on October 29, 2021. Any CITY employee that did not provide such proof was to be excluded from the premises where they worked on November 1, 2021. Reasonable accommodations required by law were permitted as exceptions to the vaccination mandate.[1]

To address the anticipated influx of reasonable accommodation requests related to the vaccination mandate, the CITY established additional procedures, including a requirement that any reasonable accommodation request was to be submitted by a CITY employee on or before October 27, 2021. Additionally, the CITY set up a panel, the City of New York Reasonable Accommodation Appeals Panel ("Citywide Panel"), to handle the appeals of any denied accommodation request (*see* Affirmation of Eric Eichenholtz, Chief Assistant Corporation Counsel for Employment Policy and Litigation with the New York City Office of the Corporation Counsel, submitted on behalf of the Respondents ["Eichenholtz Aff."], NYSCEF Doc. 18).

On October 26, 2021, the Petitioner, KYLE GABAY, a police officer in the Health and Wellness Command of the NYPD, submitted a religious accommodation request to be exempt from the vaccination mandate. (NYSCEF Doc. 2). Non-party NYPD denied the Petitioner's reasonable accommodation request by letter dated February 8, 2021. The request was denied because the "objection was personal, political or philosophical" and because the "objection appears to be based on verifiable false information, misinformation, fear or unknown origin or vaccine or side effects". (NYCSEF Doc. 17). The Petitioner appealed the denial on February 10, 2022 (NYCSEF Doc. 18) and the appeal was denied following consideration by the Citywide Panel on or about August 1, 2022; the specific date is unclear from the evidence submitted. (NYCSEF Doc. 1, 3, 23).

In a sperate action captioned *Police Benevolent Association of the City of New York, Inc.*

---

[1] https://www.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-city-employees.pdf

**156894/2022 GABAY, KYLE vs. ADAMS, ERIC ET AL**
**Motion No. 001**

Page 2 of 4

*v. City of New York, et al.*, Supreme Court, New York County, Index No. 151531/2022, by order of Judge Lyle E. Frank dated September 23, 2022, the CITY and the NYPD were enjoined from placing any members of the Police Benevolent Association ("PBA") on leave without pay or terminating their employment (*see Police Benev. Ass'n of the City of New York, Inc. v. City of New York*, No. 151531/2022, 2022 WL 4398685 [N.Y. Sup. Ct. Sep. 23, 2022]). This decision was ultimately reversed by the First Department as it was found that the PBA's Article 78 proceeding was barred due to *res judicata* as there was a prior Article 78 proceeding brought by the PBA in Supreme Court, Richmond County[2], "in which the court issued a valid final judgment on the merits, denying the petition and dismissing the proceeding." (*Police Benevolent Ass'n of the City of New York, Inc. v. City of New York*, 215 A.D.3d 463, 185 N.Y.S.3d 679 (1st Dept 2023), *leave to appeal denied sub nom. Police Benevolent Ass'n of City of New York, Inc. v. City of New York*, 40 N.Y.3d 906, 221 N.E.3d 37 [2023]).

However, prior to the First Department's decision, on February 9, 2023, the New York City Board of Health amended the COVID-19 vaccination mandate for CITY employees, repealing the provision that CITY employees were to be excluded from their work premises if they did not show proof of vaccination.[3] Thus, the relief sought in this proceeding is now moot.

Accordingly, the motion by order to show cause, which seeks a temporary restraining order against the Respondents from placing the Petitioner on leave without pay and from terminating the Petitioner's employment with the New York City Police Department, is denied as moot and the Petition is dismissed. (*See Vignali v. City of New York*, 222 A.D.3d 419, 201 N.Y.S.3d 18 [1st Dept 2023], *citing New York State Constr. Safety Ass'n v. New York City Dep't of Health & Mental*

---

[2] *Matter of Police Benevolent Assoc. of The City of New York, Inc. v. de Blasio*, Sup Ct., Richmond County, Feb. 16, 2022, Colon, J., Index No. 85229/2021, NYSCEF Doc. 51.

[3] https://home.nyc.gov/assets/doh/downloads/pdf/notice/2023/boh-order-amend-covid-vaccine-req-city-employees.pdf

**156894/2022  GABAY, KYLE vs. ADAMS, ERIC ET AL**
**Motion No. 001**

**Page 3 of 4**

[* 3]

*Hygiene*, 205 A.D.3d 576, 166 N.Y.S.3d 854 [1st Dept 2022]; *People v. Amazon.com*, 205 A.D.3d 485, 169 N.Y.S.3d 27 [1st Dept 2022]). In *Vignali* the First Department upheld the trial court's denial of a petitioner's request for a religious accommodation from the NYPD's vaccination mandate as the CITY's vaccination mandate had been repealed and as the "narrow exception" to the mootness doctrine did not apply.

It is hereby:

ORDERED and ADJUDGED that the Petition for injunctive relief is denied in its entirety as moot and the proceeding is dismissed; and it is further

ORDERED that, within 20 days from entry of this order, Respondents shall serve a copy of this order with notice of entry upon all parties and the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

This constitutes the decision and order of the court.

| 7/12/2024 | | | | | DENISE M DOMINGUEZ, J.S.C. | |
|---|---|---|---|---|---|---|
| DATE | | | | | | |
| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | | GRANTED | X | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

156894/2022  GABAY, KYLE vs. ADAMS, ERIC ET AL
Motion No. 001

Page 4 of 4

4 of 4