Espinal v MPI Mgt. LLC (2024 NY Slip Op 05279)

Espinal v MPI Mgt. LLC

2024 NY Slip Op 05279

Decided on October 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2024

Before: Oing, J.P., Singh, Gesmer, González, Pitt-Burke, JJ. 

Index No. 161177/22 Appeal No. 2885 Case No. 2024-00335 

[*1]Eddy Espinal, Plaintiff-Appellant,
v
MPI Management LLC, Doing Business as Olshan Properties et al., Defendants-Respondents.

The Rose Law Group, PLLC, Astoria (Jesse C. Rose of counsel), for appellant.
Clifton Budd & DeMaria, LLP, New York (Stephen P. Pischl of counsel), for respondents.

Order of the Supreme Court, New York County (Mary V. Rosado, J.), entered on or about October 26, 2023, which granted defendants' motion to dismiss under CPLR 3211(a)(1) and (a)(2), unanimously reversed, on the law, without costs, and the motion denied.
Supreme Court erred when it found that it had no jurisdiction over this action. Plaintiff's act of warning his supervisors about unsafe asbestos abatement at his work site is not protected by the National Labor Relations Act (NLRA), and therefore, his claim does not fall within the exclusive jurisdiction of the National Labor Relations Board (NLRB) (see San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v Garmon, 359 US 236, 245 [1959]). Plaintiff alleges that he learned in one conversation with a foreman that defendant MPI Management LLC was not properly protecting windows from asbestos debris. However, plaintiff does not suggest that the foreman told him to take any action in response to this conversation, or even that plaintiff told the foreman that he would take any action. The complaint does not allege that plaintiff had any other discussions about the matter with any other workers who may have shared plaintiff's concerns about asbestos. Thus, at no point before plaintiff contacted his supervisors did he engage in discussions with other employees about shared concerns so as to constitute "concerted" activity within the meaning of section 7 of the NLRA. Nor does the complaint allege that plaintiff relied on a right contained in his collective bargaining agreement (see National Labor Relations Bd. v City Disposal Sys. Inc., 465 US 822, 829, 841 [1984]).
Defendants further argue that this Court lacks jurisdiction because of plaintiff's previous commencement of a proceeding before the NLRB. We reject this argument. Because the NLRB proceeding was dismissed, there is no possibility of inconsistent rulings on the same issue, and thus no possibility that such rulings might pose an "obvious and substantial risk of interference" with the NLRB's jurisdiction (People v Amazon.com, 205 AD3d 485, 486 [1st Dept 2022] [internal quotation marks omitted]).
In addition, Supreme Court should not have dismissed the complaint under CPLR 3211(a)(1), as the collective bargaining agreement's arbitration provision does not cover plaintiff's claim. The relevant provision, section 15, titled "No Discrimination," applies to claims for "discrimination" under "Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, 42 U.S.C. Section 1981, Family and Medical Leave Act, the New York State Human Rights Law, the New York City Human Rights Code, and any other similar laws, rules or regulations." Although section 15(B)(1) provides a mediation and arbitration protocol for retaliation claims, the retaliation in question must be "covered in the No Discrimination Clause." Plaintiff alleges neither discrimination nor retaliation for reporting discrimination, but [*2]instead alleges that he suffered retaliation after he complained about an alleged violation of safety laws. Thus, the dispute does not fall clearly within that class of claims that the parties agreed to refer to arbitration (see Eiseman Levine Lehrhaupt & Kakoyiannis, P.C. v Torino Jewelers, Ltd., 44 AD3d 581, 583 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2024