People v Gibbs (2025 NY Slip Op 02886)

People v Gibbs

2025 NY Slip Op 02886

Decided on May 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 13, 2025

Before: Moulton, J.P., Kapnick, Scarpulla, Rodriguez, Higgitt, JJ. 

Ind. No. 1445/17, 2349/17|Appeal No. 4344|Case No. 2023-00646, 2023-00647|

[*1]The People of the State of New York, Respondent,
v
Torrey Gibbs, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Daniel Hamburg of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Lindsey Richards counsel), for respondent.

Orders, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about January 19, 2023, which adjudicated defendant a level three predicate sex offender and a level three sexually violent predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in declining to grant a downward departure for both underlying offenses (see People v Gillotti, 23 NY3d 841, 861 [2014]). The mitigating factors cited by defendant were adequately taken into account by the risk assessment instrument or were outweighed by the seriousness of defendant's underlying offenses involving young girls, and his prior sex crimes against young girls (see People v Acosta, 225 AD3d 553, 554 [1st Dept 2024], lv denied 41 NY3d 910 [2024]). The record does not show that defendant's participation in sex offender treatment was exceptional, especially given his minimization of guilt (see People v Hernandez, 205 AD3d 485, 485 [1st Dept 2022]). He similarly failed to show that his mental health treatment and rehabilitation in prison were exceptional (see People v Roman, 198 AD3d 425, 426 [1st Dept 2021]), or that his efforts at rehabilitation and support network reduced his risk of reoffense or danger to the community (see People v Rivera, 234 AD3d 605, 605 [1st Dept 2025]; People v Roman, AD3d at 426).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2025