People v Ouanes (2025 NY Slip Op 05045)

People v Ouanes

2025 NY Slip Op 05045

Decided on September 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 23, 2025

Before: Moulton, J.P., Mendez, O'Neill Levy, Michael, Chan, JJ. 

Ind. No. 3765/10|Appeal No. 4700-4700A|Case No. 2020-03318, 2023-04505|

[*1]The People of the State of New York, Respondent,
v
Mustapha Ouanes, Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Dany Greene of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jennifer Mitchell of counsel), for respondent.

Order, Supreme Court, New York County (Michele Rodney, J.), entered on or about July 17, 2020, which adjudicated defendant a level two sexually violent sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), and order, same court and justice, entered on or about October 7, 2020, which granted defendant's motion to renew or reargue his application for a downward departure to the extent of granting reargument, and upon reargument, adhered to its prior determination denying a downward departure, unanimously affirmed, without costs.
We perceive no basis to grant a downward departure to a risk level one offender (see People v Gillotti, 23 NY3d 841, 861 [2014]). Although defendant's health conditions were not adequately accounted for by the risk assessment instrument under the guidelines, he has not shown that they "would eliminate any significant risk of reoffense" (People v Alam, 227 AD3d 576, 576 [1st Dept 2024], lv denied 42 NY3d 907 [2024] [internal quotation marks and brackets omitted]), particularly since he suffered a heart attack approximately two years before he committed the underlying sexual offenses. Defendant's age of 69 at the time of the hearing does not establish that his risk of reoffense is minimal. He was nearly 60 when he committed the underlying sexual offenses (see People v Fiavachay, 171 AD3d 527 [1st Dept 2019], lv denied 33 NY3d 912 [2019]).
Defendant also has not established that his familial support would reduce his particular likelihood of reoffense (see People v Hernandez, 205 AD3d 485, 485 [1st Dept 2022]), especially "given that he had the same support network at the time of the underlying misconduct" (People v Talavera, 223 AD3d 538, 538 [1st Dept 2024], lv dismissed in part, denied in part 41 NY3d 999 [2024]). Although defendant contends that his lack of criminal history mitigates his risk of sexually reoffending, neither party presented evidence of defendant's criminal history to establish whether the instant offense is defendant's first criminal conviction. In any event, defendant's lack of criminal history was accounted for by the assessment of 0 points under risk factors 9 and 10 (see People v McNeill, 220 AD3d 518, 518 [1st Dept 2023], lv denied 41 NY3d 903 [2024]). Defendant's reliance on his low score in an alternative risk assessment instrument, the Static-99R, which is not used by the Board of Examiners of Sex Offenders, is unavailing (see People v Brown, 230 AD3d 1071, 1072 [1st Dept 2024], lv denied 43 NY3d 901 [2025]). In any event, the mitigating factors cited by defendant were outweighed by the seriousness of the underlying sexual offenses, which involved the rape of an unconscious stranger (see People v Mills, 220 AD3d 548, 548 [1st Dept 2023], lv denied 41 NY3d 908 [2024]; see also People v Berrios, 235 AD3d 598, 599 [1st Dept 2025] [victims in states of physical helplessness]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 23, 2025